UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAY 10 2018

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

| | | |
|---|---|---|
| Andrew U.D. Straw, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-907 (UNA) |
| | ) | |
| U.S. Department of Education, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions

1

. . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint, brought solely against the U.S. Department of Education ("DOE"), is mystifying. For perspective, the Court turns briefly to plaintiff's prior litigation. Plaintiff is "a licensed attorney in Indiana" who was "disciplined by the Indiana Supreme Court" for "advancing frivolous claims and arguments in four federal lawsuits." *Straw v. Indiana Supreme Court*, 692 Fed. App'x 291, 292 (7th Cir. 2017), *cert. denied sub nom. Straw v. Supreme Court of Indiana*, 138 S. Ct. 699 (2018) (affirming district court's dismissal of disability discrimination suit on res judicata grounds). In February 2017, the Indiana Supreme Court issued a final order, which suspended plaintiff's law license for 180 days without automatic reinstatement. *Id.* at 293 (citing *In re Andrew U.D. Straw*, 98S00–1601–DI–12, Or. (Ind. Sup. Ct. Feb. 14, 2017).

The instant complaint names DOE as the defendant, but it arises from the American Bar Association's (ABA) alleged termination of plaintiff's membership following the suspension of his Indiana law license. Plaintiff describes the ABA as a DOE contractor. He seeks to hold DOE "accountable for what the ABA does to me . . . in its role as a law school regulatory body[,]" Compl. ¶ 2, although there appears to be no allegations against a law school. In any event, the complaint is largely incoherent and simply fails to provide any notice of a claim against DOE. As a result, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

DATE: May 10, 2018

United States District Judge

2